Filed 10/3/24  In re T.M.P. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re T.M.P., a Person Coming Under the Juvenile Court Law. | D083564 |
| THE PEOPLE, Plaintiff and Respondent, v. T.M.P., Defendant and Appellant. | (Super. Ct. No. J244320) |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal arises from a Welfare and Institutions Code[1] section 602 juvenile delinquency proceeding in which T.M.P. (Minor) admitted to

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

dragging the victim's dog on a freeway in violation of Penal Code section 597, subdivision (b) (felony animal cruelty). Minor appeals from the juvenile court's January 8, 2024 order requiring Minor to pay $2,470.50 in victim restitution.

Minor's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), indicating counsel has been unable to identify any arguable issues supporting reversal on appeal and asking this court to independently review the record for error. We offered Minor the opportunity to file her own brief on appeal, but she has not responded.

We find no arguable issues and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2021, a long-standing feud between Minor and victim's daughter escalated over statements about Minor's deceased father. Minor came to victim's home with some friends, broke the windows of the victim's car with a baseball bat, engaged in a physical altercation with victim's daughter, and drove away with the victim's pet pit bull Luna. After posting images with Luna on social media, Minor dragged the dog along a freeway. Luna was later found dead.

The People charged Minor with three felonies: vandalism (Pen. Code, § 594, subds. (a), (b)(1)), theft of another's dog (Pen. Code, § 487e), and animal cruelty for dragging the victim's dog on a freeway (Pen. Code, § 597, subd. (b)). At a readiness hearing after her arraignment, Minor admitted the

2

truth of the People's felony animal cruelty charge, and the juvenile court dismissed the remaining charges with a *Harvey*[2] waiver.

At the February 10, 2023 disposition hearing, the juvenile court adjudged Minor a ward of the court under section 602, issued probation orders, and ordered restitution to be paid in an amount to be determined.

The juvenile court held a restitution hearing on January 8, 2024. The victim testified she paid a total of $970.50 to repair her vehicle. She paid $90 for two glass windows from Atlas Auto Recycling (Exhibit 1); $130.50 for two quarter glass windows from LKQ (Exhibit 2); $150 for the back window paid through a Zelle account (Exhibit 3), and $300 for the front windshield from Bernie's Automotive Glass (Exhibit 4). She also paid a friend $300 through Cash App to install the windows.

The victim also testified she purchased a new dog, a purebred micro bully named Beloved, for $1,500.

The juvenile court found the victim to be credible and the requested amounts reasonable, and ordered Minor to pay $2,470.50 in victim restitution.

Minor filed a timely appeal from the restitution order.

### DISCUSSION

The California Constitution requires every victim be compensated for losses incurred as a result of a defendant's crime. (See Cal. Const., art. I, § 28, subd. (b)(13).) Absent "compelling and extraordinary reasons," the court must order restitution "of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758. When ordering restitution, a court may consider crimes which were charged but later dismissed. (*People v. Baumann* (1985) 176 Cal.App.3d 67, 78.)

the minor's conduct . . . , including . . . [f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Welf. & Inst. Code, § 730.6, subd. (h)(1).)

" ' "[T]he trial court is vested with broad discretion in setting the amount of restitution; it may ' "use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole . . . . " ' [Citation.] . . . "In determining the amount of restitution, all that is required is that the trial court 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.] The order must be affirmed if there is a factual and rational basis for the amount." ' " (*People v. Marrero* (2021) 60 Cal.App.5th 896, 906.)

As we have noted, appellate counsel has submitted a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders*, *supra*, 386 U.S. 738, counsel has identified the following issue that was considered in evaluating the potential merits of this appeal: "Did the court abuse its discretion in making the restitution order[?] (*People v. Balestra* (1999) 76 Cal.App.4th 57.)"

We have reviewed the record for error as required by *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738. We have not discovered any arguable issues for reversal on appeal. Competent counsel represented Minor in this appeal.

DISPOSITION

The restitution order is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.